UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SUNG JIN JEON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 11-CV-2003 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

On January 4, 2011, Petitioner, Sung Jin Jeon, filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (#1). On February 4, 2011, the Government filed a Motion to Dismiss (#3). Because Petitioner has clearly waived his right to file a collateral attack under § 2255, the Government's Motion to Dismiss (#3) is GRANTED.

FACTS

PROCEEDINGS IN CRIMINAL CASE

On December 1, 2008, in Case No. 08-CR-20060, Petitioner was charged in an information with one count of conspiracy to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and one count of money laundering, in violation of 18 U.S.C. 1956(a)(1)(B)(i). The information also included a forfeiture allegation. On the same date, Petitioner signed a written waiver of indictment and pleaded guilty to the charges in the information and agreed to a money judgment of $500,000. The plea agreement contained a "Waiver of Right to Collateral Attack," which specifically provided that Petitioner:

knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution or forfeiture, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

The written plea agreement also contained the following statements:

32. Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or

2

commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in the written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.

I hereby affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Petitioner signed the written plea agreement on December 1, 2008. Following the guilty plea hearing held on that date, this court accepted Petitioner's plea of guilty.

On December 29, 2009, a sentencing hearing was held. This court sentenced Defendant to a term of 210 months in the Federal Bureau of Prisons.

PROCEEDINGS UNDER SECTION 2255

On January 5, 2011, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (#1). Petitioner argued that his counsel was ineffective

3

regarding sentencing and plea bargaining and also challenged his sentence. On February 4, 2011, the Government filed a Motion to Dismiss (#3). The Government argued that Petitioner's Motion must be dismissed because he knowingly and voluntarily waived his right to file such a Motion. Petitioner was sent a Notice regarding the Motion to Dismiss (#4) but did not file a response.

ANALYSIS

The Seventh Circuit has stated that it strictly enforces waivers of the right to challenge a sentence included in the plea agreement. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); see also United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005). In the Seventh Circuit, a defendant who, as part of a written plea agreement, expressly waives the right to file a § 2255 motion challenging his sentence may only file such a motion if he can demonstrate that the § 2255 waiver was either unknowing or involuntary or the result of the ineffective assistance of counsel. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); Williams v. United States, 2010 WL 1327442, at *4 (C.D. Ill. 2010). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1145; see also Williams, 2010 WL 1327442, at *4; Reed v. United States, 2005 WL 1528371, at *2 (N.D. Ind. 2005). This court agrees with the Government that Petitioner has not alleged any of the limited grounds for challenging the waiver. Moreover, any claim by Petitioner that he was not aware that he was waiving his right to appeal or to collaterally attack his conviction and sentence, or that his attorney was ineffective for failing to adequately explain the plea agreement to him, is

4

completely belied by the written plea agreement, which was thoroughly discussed during the guilty plea hearing. See Reed, 2005 WL 1528371, at *2-5. Therefore, this court concludes that Petitioner cannot claim that his waiver was unknowing or involuntary or was the result of ineffective assistance of counsel.

Accordingly, this court concludes that Petitioner's Motion under § 2255 (#1) is barred by his waiver. This court notes that the Seventh Circuit has stated that "[w]e have never been reluctant to hold criminal defendants to their promises." Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005). Here, as in Roberts, "[t]here is no question that [Petitioner's] waiver encompasses the claims presented in the § 2255 motion." See Roberts, 429 F.3d at 724.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motion to Dismiss (#3) is GRANTED.

(2) Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (#1) is dismissed.

(3) Because Petitioner's Motion under 28 U.S.C. § 2255 does not raise a substantial showing of the denial of a constitutional right, a Certificate of Appealability is DENIED.

(4) This case is terminated.

ENTERED this 30th day of January, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE